UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A., | : | Case No. |
| Plaintiff, | : | |
| -against- | : | COMPLAINT |
| LMR CONSTRUCTION LLC,<br>GLOBAL MERCHANT CASH, INC.,<br>and TVT CAPITAL, LLC, | : <br><br>: | |
| Defendants. | : | |

----------------------------------------------------------------x

Plaintiff JPMorgan Chase Bank, N.A. ("Chase"), by its attorneys, Levi Lubarsky Feigenbaum & Weiss LLP, for its complaint in interpleader against the defendants, alleges as follows:

NATURE OF THE ACTION

1. This interpleader action relates to the sum of $129,692.32 on deposit at Chase (the "Funds") to which each of the defendants possesses or may possess a claim, in whole or in part. The defendants' claims or potential claims are adverse and competing. Chase has no interest in the Funds and hereby disclaims any such interest, and is willing and able to pay the Funds, in their entirety, into the registry of the Clerk of the Court, or to the person or persons who are entitled to it or any part of it, as directed by the Court. Chase wishes to avoid exposure to multiple lawsuits or multiple liability for the payment of the Funds and therefore has filed this complaint in interpleader to respectfully request that the Court: (i) determine the rights of the defendants to the Funds; (ii) restrain the defendants from instituting and prosecuting any other state or federal action affecting the Funds and require them to assert their claims to the Funds in

a single action before this Court; (iii) order Chase to pay the Funds into the registry of the Clerk of the Court pending adjudication of the defendants' claims to them; and (iv) upon Chase's payment of the Funds into the registry of the Clerk of the Court, discharge Chase from all liability to the defendants.

## THE PARTIES

2. Plaintiff JPMorgan Chase Bank, N.A. ("Chase") is a national banking association with its main office, as designated in its Articles of Association, in the State of Ohio.

3. Upon information and belief, defendant LMR Construction LLC ("LMR") is a limited liability company organized under the laws of the Commonwealth of Kentucky. Upon information and belief, the only members of LMR Construction LLC are Lonna L. Bishop and Bill L. Bishop, individuals who are residents and citizens of the Commonwealth of Kentucky.

4. Upon information and belief, defendant Global Merchant Cash, Inc. ("Global") is a corporation organized under the laws of the State of New York, with its principal place of business in New York, New York.

5. Upon information and belief, defendant TVT Capital, LLC ("TVT") is a limited liability company organized under the laws of the State of Delaware.

## JURISDICTION AND VENUE

6. Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1335 because the complaint is in the nature of interpleader, Chase has in its custody or possession property of the value or amount of $500 or more, and two or more adverse claimants named as defendants are, upon information and belief, of diverse citizenship.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1397 because at

least one of the claimants resides in this District.

## FACTUAL ALLEGATIONS

A. <u>The Levies on LMR's Funds on Deposit at Chase</u>

8. At all times stated herein, LMR maintained three bank accounts at Chase: (i) a checking account, numbered xxxxx9997; (ii) a checking account, numbered xxxxx6825; and (iii) a savings account, numbered xxxxx1968 (together, the "LMR Accounts").

9. As of October 4, 2017, there was $129,692.32 on deposit in the LMR Accounts (the "Funds"), as follows:

$48,220.55 in the account ending in 9997;

$15,751.12 in the account ending in 6825; and

$65,720.65 in the account ending in 1968.

10. On information and belief, on or about March 25, 2016, TVT obtained a judgment by confession against LMR in the Supreme Court of the State of New York, County of Westchester, in the amount of $142,370.59 (the "TVT Judgment").

11. On information and belief, on or about May 27, 2016, Global obtained a judgment by confession against LMR in the Supreme Court of the State of New York, County of Westchester, in the amount of $45,547.91 (the "Global Judgment").

12. On or about August 3, 2016, a Marshal of the City of New York served an execution and a levy upon Chase in the amount of $24,687.43 against the property of LMR in Chase's possession to satisfy the Global Judgment (the "Global 2016 Levy").

13. Upon information and belief, on or about August 16, 2016, counsel for TVT served a restraining notice upon Chase with respect to the property of LMR in Chase's possession, which had the effect of prohibiting Chase from making or allowing any transfer out

3

of the LMR Accounts for a period of one year.

14.     On or about August 22, 2016, a Marshal of the City of New York served an execution and a levy upon Chase in the amount of $133,330.30 against the property of LMR in Chase's possession to satisfy the TVT Judgment (the "TVT 2016 Levy").

B. <u>LMR's Lawsuit Against Chase in Kentucky</u>

15.     On or about August 26, 2016, LMR commenced an action against Chase in the Circuit Court of the Commonwealth of Kentucky, Fayette Circuit Court, seeking an injunction and a declaration of rights with respect to the LMR Accounts ("LMR Action").

16.     By notice of removal filed September 1, 2016, Chase removed the LMR Action to the United States District Court for the Eastern District of Kentucky.

17.     In the LMR Action, LMR asserted that the LMR Accounts were not subject to restraint in New York because the LMR Accounts were "located" in a Chase branch in Kentucky and the TVT Judgment was not domesticated in Kentucky.

18.     LMR sought relief against Chase in the LMR Action in the form of an injunction preventing Chase from restraining any funds in the LMR Accounts, monetary damages (including attorneys' fees) in the event Chase paid any amount out of the LMR Accounts to TVT, and other relief.

19.     By judgment dated August 1, 2017, LMR's claims against Chase were dismissed.

20.     On or about August 30, 2017, LMR appealed the judgment in the LMR Action to the United States Court of Appeals for the Sixth Circuit.

### C. The Continuing Dispute about the Funds

21. Upon information and belief, based upon its filing of the appeal from the judgment dismissing its claims, LMR continues to assert that its rights to the funds in the LMR Accounts are superior to that of TVT, and that Chase will be liable to it if it pays out money in LMR's Chase accounts to TVT.

22. In addition to the dispute regarding whether Chase may pay out money in the LMR Accounts to TVT, there is a dispute regarding which of Global and TVT have priority with respect to the funds on deposit.

23. On or about August 17, 2017, a Marshal of the City of New York served an execution and a levy upon Chase in the amount of $27,057.90 against the property of LMR in Chase's possession to satisfy the Global Judgment (the "Global 2017 Levy"), the Global 2016 Levy having expired by operation of law.

24. On or about August 17, 2017, a Marshal of the City of New York served an execution and a levy upon Chase in the amount of $144,808.53 against the property of LMR in Chase's possession to satisfy the TVT Judgment (the "TVT 2017 Levy"), the TVT 2016 Levy having expired by operation of law.

25. Upon information and belief, the Marshal has asserted that TVT has priority over Global with respect to the LMR Accounts.

26. Global disputes that TVT has priority and maintains that because the Global 2016 Levy was first in time, Global has priority. Global has threatened legal action if Chase delivers funds from the LMR Accounts to satisfy the judgment of any other creditor.

27. Based on the competing claims to the Funds, Chase reasonably fears that it will be subject to multiple legal actions and potentially inconsistent judgments.

28. The LMR Accounts are governed by a Deposit Account Agreement, by and between LMR and Chase (the "Account Agreement").

29. In section I.2 of the Account Agreement, the parties agreed that "[i]f there are conflicting instructions or there is any dispute regarding your account, [Chase] . . . may place funds in a court (this is called an interpleader action) for resolution. If any person notifies [Chase] of a dispute, [Chase does] not have to decide if the dispute has merit before [Chase takes] further action. [Chase] may take these actions without any liability and without advance notice, unless the law says otherwise."

CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Statutory Interpleader Pursuant to 28 U.S.C. § 1335)

30. Chase repeats and realleges each and every allegation set forth in paragraphs 1 through 29 of this Complaint to the same extent as if those allegations were set forth here in full.

31. As set forth above, LMR, Global and TVT have each claimed a superior right to the Funds.

32. Chase has no claim to the Funds and has no means other than this action of protecting itself against the threat of multiple liability from defendants' claims.

33. In these circumstances Chase is entitled to interplead all parties who may have claims to or rights in the Funds and obtain a determination by the Court, pursuant to 28 U.S.C. §§ 1335 and 2361, of the rights of the defendants and all interested parties with respect thereto; an order discharging it from liability upon its payment of the Funds into the registry of the Clerk of the Court; and an order restraining and enjoining LMR, Global and TVT from instituting or prosecuting any proceeding, in any jurisdiction, with respect to the Funds.

WHEREFORE, Chase demands judgment against the Defendants as follows:

      a.      Restraining and enjoining the defendants, their agents, attorneys or representatives from instituting or prosecuting further any proceeding in any jurisdiction against Chase on the basis of the Funds or their respective claims thereto;

      b.      Directing Chase to pay the Funds into the registry of the Clerk of the Court;

      c.      Directing the Clerk of the Court to deposit the Funds in the registry of the Clerk of the Court to be held therein subject to further orders of the Court;

      d.      Fully and finally discharging Chase from any and all further liability with respect to the Funds, and dismissing Chase from this action;

      e.      Resolving the defendants' respective rights to the Funds;

      f.      Awarding Chase its costs, attorneys' fees and any other liabilities incurred by it in connection with bringing this action under 28 U.S.C. § 1335; and

      g.      Awarding such other or further relief as may be just and proper.

Dated:    New York, New York
             October 6, 2017

                                            LEVI LUBARSKY FEIGENBAUM &
                                            WEISS LLP

                                            By: _____
                                                  Andrea Likwornik Weiss
                                                  Walter E. Swearingen
655 Third Avenue, 27th Floor
New York, New York  10017
(212) 308-6100

Attorneys for Plaintiff
JPMorgan Chase Bank, N.A.